UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------X
WILLIAM K. DUFFY, KENNETH HUBER, PHILLIP
CAPOBIANCO, JOHN DUFFY, PAUL O'BRIEN, MARC
HERBST, JAMES HANEY, JR., JAMES PRATT, III,
SCOTT ADRIAN and ROBERT AHEARN, as Trustees of
LOCAL 138, 138A & 138B, INTERNATIONAL UNION OF
OPERATING ENGINEERS WELFARE FUND, LEGAL
FUND, APPRENTICESHIP TRAINING FUND, and
ANNUITY FUND, MICHAEL FANNING as CEO of the
CENTRAL PENSION FUND,

                              Plaintiffs,                    **REPORT AND**
                                                            **RECOMMENDATION**
                -against-
                                                            CV 07-217 (DRH) (ARL)
EAST PORT EXCAVATION & UTILITIES CONTRACTORS,
INC., EASTPORT MANOR CONSTRUCTION, INC., and
STEVEN GOVERNALE,

                              Defendants.
--------------------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

       Before the court, on referral from District Judge Hurley, is a motion to dismiss the

complaint pursuant to Federal Rules of Civil Procedure 12(c) on the ground that the plaintiffs'

claims are barred by *res judicata*. For the reasons that follow, the undersigned recommends that

the motion to dismiss be denied.

## BACKGROUND

       Plaintiffs filed the instant complaint on January 17, 2007 pursuant to Sections 515 and

502(a)(3) of the Employee Retirement Income Security Act of 1974 ("ERISA") alleging that the

defendants, East Port Excavation & Utilities Contractors, Inc., Eastport Manor Construction, Inc.

and Steven Governale, have violated their statutory and contractual obligations to report and

make contributions to the various plaintiff funds for the period June 1, 2002 through December

31, 2005.  The plaintiffs had also brought suit in this court in 2004 against East Port Excavating

& Utilities and Steven Governale d/b/a East Port Excavating & Utilities alleging that these

defendants were delinquent in making their required contributions to the same plaintiff funds for

the period June 1, 2003 through May 31, 2004.  <u>See</u> Complaint assigned Docket No. CV 04-

4061.[1]  The parties agreed to settle the 2004 action on the record before the undersigned on

March 30, 2006.  Specifically, the parties agreed that the plaintiff would

> conditionally withdraw this action for a period of ninety days from
> today, with leave to reopen by written notice to the Court, absent
> which the action will be deemed dismissed pursuant to Rule 41, on
> the bases of the defendants' agreement, which has been accepted
> and affirmed by the defendants here today, that they will permit
> plaintiffs' auditors to examine the records listed in the funds'
> February 17, 2004 letter for both East Port Manor Construction,
> Inc. and East Port Excavating & Utilities for the period June 1,
> 2000 through December 2005.

<u>See</u> Transcript of March 30, 2006 Conference at page 2.  In accordance with the parties'

agreement, the undersigned recommended to District Judge Hurley that the cased be marked

closed and that it should remain closed in the absence of a communication from counsel by July

3, 2006 seeking to reinstate the action.  (<u>Id</u>. at page 3).  On April 3, 2006, District Judge Hurley

so ordered the parties' Stipulation of Conditional Withdrawal that provides as follows:

> IT IS HEREBY STIPULATED AND AGREED, by and among the
> parties through their undersigned attorneys, that this action is
> hereby conditionally withdrawn in accordance with the parties'

---

[1]The court notes that it may take judicial notice of the relevant pleadings, orders and
judgments in the prior action without converting the defendants' motion to dismiss to one for
summary judgment.  <u>Marchon Eyewear, Inc. v. Tura LP</u>, No. 98-CV-1932 (SJ), 1999 WL
184107, at *2 (E.D.N.Y. March 28, 1999) (citing <u>Kramer v. Time Warner Inc.</u>, 937 F.2d 767,
774 (2d Cir. 1991) ("[C]ourts routinely take judicial notice of documents filed in other courts ...
not for the truth of the matters asserted in other litigation, but rather to establish the fact of such
litigation and related filings.")).

> Stipulation as placed on the record in proceedings before Hon.
> Arlene R. Lindsay, United States Magistrate Judge, held March 30,
> 2006, with leave to reopen the action upon written notice to the
> Court to be made on or before July 3, 2006, and *in the absence of
> such notice to reopen, the action shall be deemed dismissed
> pursuant to Fed. R. Civ. P. 41(a)*, without costs to any party.

(Emphasis added). The July 3rd deadline passed without communication from counsel.

Approximately six months later, plaintiffs commenced the instant action. The defendants now

move to dismiss claiming that the dismissal of the 2004 action precludes re-litigation of the

plaintiffs' claims under the doctrine of *res judicata*.

## DISCUSSION

It is well-established that "[t]he doctrine of *res judicata*, or claim preclusion, holds that 'a

final judgment on the merits of an action precludes the parties or their privies from relitigating

issues that were or could have been raised in that action.'" Monahan v. N.Y. City Dep't of

Corrections, 214 F.3d 275, 284 (2d Cir. 2000) (quoting Allen v. McCurry, 449 U.S. 90, 94, 101

S. Ct. 411 (1980)). The movant bears the burden of establishing preclusion. Greenberg v. Board

of Governors of the Federal Reserve System, 968 F.2d 164, 170 (2d Cir. 1992).

As a threshold matter, the court must determine whether the dismissal of the 2004 action

was "a final judgment on the merits." Monahan, 214 F.3d at 284 (citation omitted). The Second

Circuit has made clear that "a dismissal, with prejudice, arising out of a settlement agreement

operates as a final judgment for *res judicata* purposes." Marvel Characters, Inc. v. Simon, 310

F.3d 280, 287 (2d Cir. 2002) (citing Nemaizer v. Baker, 793 F.2d 58, 60-61 (2d Cir. 1986)); see

also Monahan, 214 F.3d at 283 ("[T]he voluntary dismissal with prejudice of the claims in the

[prior] action constituted an adjudication on the merits."). Thus, *res judicata* will preclude re-

litigation where the prior dismissal was with prejudice. This is where the parties' disagreement lies. Defendants contend that the dismissal of the 2004 action was with prejudice pursuant to either Rule 41(a)(2) (Dismissal by Court Order) or 41(b) (Involuntary Dismissal). Plaintiffs argue that the dismissal was without prejudice pursuant to Rule 41(a)(1)(A)(ii) (Dismissal by Stipulation). For the reasons that follow, the court agrees with the plaintiffs.

Federal Rule of Civil Procedure 41(a) provides for the voluntary dismissal of a civil action. Because the parties have stipulated to dismiss the 2004 action, Rule 41(a)(1)(A)(ii) governs notwithstanding the fact that the stipulation was so ordered by the court. Hester Industries, Inc. v. Tyson Foods ,Inc., 160 F.3d 911, 916 (2d Cir. 1998) ("The judge's signature on the stipulation did not change the nature of the dismissal."). Thus, Rule 41(a)(2) has no application to the instant matter and the defendants' reliance on Rule 41(a)(2) is misplaced. Similarly, given the express reference in the stipulation that the dismissal is pursuant to Rule 41(a), Rule 41(b) does not govern here.

Rule 41(a) makes clear that the dismissal of an action by stipulation is without prejudice unless the stipulation states otherwise. See Fed. R. Civ. P. 41(a)(1)(B). Here, the stipulation does not provide that the dismissal is with prejudice. Notwithstanding the absence of this critical language, the defendants urge this court to ignore Rule 41(a)'s express proviso and conclude that the dismissal is with prejudice simply because "no other interpretation of the Order would make sense." (Defs. Mem. at 3). While defendants' argument may be appealing as matter of logic, their position runs counter to controlling authority in this Circuit. See, e.g., Reape v. New York Daily News, CV 86-3129(CPS),1996 WL 118552, at *2 (E.D.N.Y. Feb. 26, 1996) ("Where a stipulation does not state specifically that the dismissal is with prejudice, it must be construed to

be without prejudice."), aff'd., 112 F.3d 505 (2d Cir. 1996); see also Poloron Product, Inc. v. Lybrand Rose Bros. and Montgomery, 534 F.2d 1012, 1017 (2d Cir. 1976) (reversing dismissal of amended complaint on *res judicata* grounds because the absence of a provision in the parties' stipulation that the dismissal was with prejudice required that such dismissal be deemed without prejudice). Accordingly, given the absence of a provision that the dismissal would be with prejudice upon the expiration of the 90-day period, the court declines to imply that condition and concludes that the dismissal of the 2004 action was without prejudice. The defendants' motion should be denied.

## CONCLUSION

For the reasons set forth above, the court recommends that the motion to dismiss this case be denied.

## OBJECTIONS

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within 10 days from service of this Report. Failure to file objections within this period waives the right to appeal the District Court's order. See 28 U.S.C. § 636 (b)(1); Fed. R. Civ. P. 72, 6(a), 6(e); Beverly v. Walker, 118 F.3d 900, 902 (2d Cir. June 30, 1997); Savoie v. Merchants Bank, 84 F.3d 52, 60 (2d Cir. 1996); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299 (2d Cir. 1992).

Dated:  Central Islip, New York
      March 5, 2008

                                        _____
                                        Arlene R. Lindsay
                                        United States Magistrate Judge