UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X
WILLIAM K. DUFFY, et al.,

                         Plaintiffs,

            - against -

EAST PORT EXCAVATION & UTILITIES
CONTRACTORS, INC., et al.,

                         Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**MEMORANDUM AND ORDER**

07-CV-0217 (DRH) (ARL)

**A P P E A R A N C E S :**

**For the Plaintiffs:**
**Meyer, Suozzi, English & Klein, P.C.**
425 Broadhollow Road - Suite 405
P.O. Box 9064
Melville, New York 11747-9064
By: Marty Glennon, Esq.

**For the Defendants:**
**Sesti & Perchekly LLP**
747 Third Avenue
New York, New York 10017
By: Robert A. Sesti, Esq.

**HURLEY, Senior District Judge:**

*INTRODUCTION*

Plaintiffs bring this action pursuant to sections 515 and 502(a)(3) of the

Employment Retirement Income Security Act of 1974 ("ERISA"), alleging that defendants East

Port Excavation & Utilities Contractors, Inc., Eastport Manor Construction, Inc. and Steven

Governale violated their statutory and contractual obligations to report and make contributions to

the various plaintiff funds for the period June 1, 2002 through December 21, 2005.  On

September 20, 2004, Plaintiffs filed a previous action against defendants East Port Excavating &

Utilities and Steven Governale d/b/a East Port Excavating & Utilities, alleging that these defendants were delinquent in making their required contributions to the same plaintiff funds for the period June 1, 2003 through May 31, 2004. (*See* case no. 04-CV-4061.) On March 30, 2006, the parties agreed to settle the 2004 action before Magistrate Judge Arlene R. Lindsay. The next day, the parties filed a "Stipulation of Conditional Withdrawal" with the Court, signed by all parties. On April 3, 2006, this Court so ordered the parties' stipulation and directed that the case be closed.

Defendants now move to dismiss the instant action pursuant to Federal Rule of Civil Procedure ("FRCP") 12, claiming that the dismissal of the 2004 action precludes re-litigation of plaintiffs' claims under the doctrine of res judicata. On December 4, 2007, the Court referred defendants' motion to Magistrate Judge Lindsay for a Report and Recommendation. On March 5, 2008, Judge Lindsay issued a Report and Recommendation (the "Report") that defendants' motion be denied. Before the Court are defendants' timely objections and plaintiffs' opposition thereto. For the reasons stated below, the Court rejects defendants' objections and adopts the Report in its entirety.

## DISCUSSION

### I.      Standard of Review

FRCP 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. Civ. P. 72(b). Accordingly, the Court applies de novo review to defendants' objections. *See id.*

**II.      *The Report is Adopted***

In her Report, Judge Lindsay found that because the parties' March 31, 2006

Stipulation of Conditional Withdrawal was not a final judgment on the merits, it could not

operate as a bar for res judicata purposes.  For the reasons that follow, the Court agrees.

The Stipulation of Conditional Withdrawal provides as follows:

> IT IS HEREBY STIPULATED AND AGREED, by and among the
> parties through their undersigned attorneys, that this action is
> hereby conditionally withdrawn in accordance with the parties'
> Stipulation set forth on the record in proceedings before Hon.
> Arlene R. Lindsay, United States Magistrate Judge, held March 30,
> 2006, with leave to reopen the action upon written notice to the
> Court to be made on or before July 3, 2006, *and in the absence of
> such notice to reopen, the action shall be deemed dismissed
> pursuant to Fed. R. Civ. P. 41(a)*, without costs to any party.

(Mar. 31, 2006 Stipulation (emphasis added).)  Thereafter, this Court entered the following

Order:

> Order re [the parties' March 31, 2006 stipulation]: This case is
> hereby dismissed without prejudice to reopen upon written notice
> to the Court by either party to be made on or before July 3, 2006.
> The Clerk of the court is directed to close this case.

(Apr. 3, 2006 Order.)  The July 3rd deadline passed without communication from counsel.

Approximately six months later, plaintiffs commenced the instant action.

Defendants, relying on this Court's April 3, 2006 Order, argue that "[t]he only

logical extension of Judge Hurley's Order is that after July 3, 2006, the case is dismissed with

prejudice.  Otherwise, the Order would have no meaning or effect."  (Defs.' Objections ¶ 5.)

Defendants' focus on the language of the April 3, 2006 Order is misplaced.

In *Hester Indus., Inc. v. Tyson Foods, Inc.*, 160 F.3d 911 (2d Cir. 1996), the

Second Circuit found that where parties enter into a signed stipulation of dismissal, the

stipulation governs, notwithstanding the fact that the stipulation is later so ordered by the court. *Id.* at 916. Because FRCP 41(a) provides that parties may stipulate to a dismissal of an action at any time, and that such dismissal is effective automatically and does not require judicial approval, a court has no authority to "disapprove or place conditions on any such dismissal." *Id.* (citations and internal quotation marks omitted). Thus, "[t]he judge's signature on the stipulation d[oes] not change the nature of the dismissal." *Id.*

Here, the parties' stipulation expressly provides that in the absence of notice to reopen, "the action shall be deemed dismissed pursuant to Fed. R. Civ. P. 41(a)." FRCP 41(a) makes clear that a stipulation of dismissal is without prejudice "[u]nless otherwise stated in the notice of dismissal or stipulation." Fed. R. Civ. P. 41(a)(1)(B). Defendants, which must be presumed to be familiar with the Rules of Civil Procedure, executed the stipulation with no provision to the effect that it was with prejudice. *See Poloron Prods., Inc. v. Lybrand Ross Bros. and Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976) ("A dismissal by stipulation is not a unilateral act on the part of the plaintiff but rather is a mutual agreement by all the parties. . . . Had [defendant] truly been convinced that the claims against it had been resolved, it could easily have requested, and expected no objection to such a request, that the discontinuance include a 'with prejudice' notation."); *see also Reape v. New York Daily News*, No. CV-86-3129, 1996 WL 118552, at *2 (E.D.N.Y. Feb. 26, 1996) ("Where a stipulation does not state specifically that the dismissal is with prejudice, it must be construed to be without prejudice."). Given the clear and unambiguous language of the stipulation, its express reference to FRCP 41(a), and the absence of a provision that the dismissal would be with prejudice after July 3, 2006, the Court finds that the parties' dismissal of the 2004 action was without prejudice and, accordingly, does

not constitute a dismissal on the merits. Defendants' motion to dismiss is therefore denied.[1]

## CONCLUSION

Upon a de novo review of the record, the Court adopts Magistrate Judge

Lindsay's March 5, 2008 Report and Recommendation in its entirety. Accordingly, defendants'

motion to dismiss (docket no. 10) is denied.

**SO ORDERED.**

Dated: Central Islip, New York
March 24, 2008

/s/_____
Denis R. Hurley,
United States District Judge

---

[1] Defendants' citation to *Strategic Research Inst., Inc. v. Fabozzi*, 187 F.R.D. 507 (S.D.N.Y. 1999) and *Bernard Haldane Ass'n, Inc. v. Harvard Prof'l Group*, 185 F.R.D. 180 (D. N.J. 1999) is unavailing as those cases involve court ordered dismissals as opposed to stipulations of dismissal which are later so ordered by the court.